McKinney, J.
delivered the opinion of the court.
This bill is filed to enjoin the collection of certain judgments rendered against the complainants, by a justice of Williamson county, in the name of the defendant Robinson, for the use of the other defendant. It charges in substance, that in 1840 or 1841, the complainant, William Neal became indebted to the defendant Robinson in about the sum of f300, for money won at gaming, for which he executed his five several notes; that upon said notes suits were instituted and judgments obtained in Mississippi, where both parties resided at the time of the transaction: that complainant afterwards removed to this state, leaving said judgments in Mississippi unsatisfied, and copies of the record were sent here, upon which he was sued, and judgments were rendered against him thereon; that after the last named judgments were obtained, the defendant, Woodruff, (in whom the interest in said judgments was vested,) through his agent, one E. M. Patterson, prbposed to give time if complainant would secure the amount due, to which he assented, and thereupon executed two notes, each for the sum of *436 $164 55, with the other complainant, N. B. Neal, as surety: that sometime after the execution of said notes, complainant William went to Mississippi and paid the amount due upon said notes to the defendant, Woodruff, who gave to complainant a letter, which is exhibited with the bill, addressed to said E. M. Patterson, directing, among other things-, the surrender of said notes to the complainant, William. The bill further charges, that notwithstanding the payment .of said notes, they were not surrendered; but that suits were after-wards brought thereon againslñboth the complainants, before a justice of the peace of Williamson county, judgments obtained, and executions issued, which were levied on the property of the complainant, Napoleon B. Neal.
The charge in the bill, that the five notes'executed to the defendant, Robinson, were for money won at gaming, is expressly denied in his answer. He states that said notes were given for borrowed money and a note on one Martin Tally, sold and transferred by him to complainant, William. He disclaims-any interest in this cause, having sold said five notes to one Edson, who transferred them to the other defendant. Defendant Woodruff states in his answer, that executions issued upon-the judgments first rendered in Williamson county, and were levied on a slave, the property of complainant, William Neal; that the slave was sold, and purchased by E. M. Patterson, as-agent of the defendant; that Patterson agreed with the complainant to permit him to repurchase the slave, upon giving security for the amount due on said judgments: this was assented to, and the two notes, upon which the judgments sought to be enjoined were obtained, were executed by the complainant, William, with the other complainant as surety. Defendant Woodrufffurther states, that sometime after the execution of said notes, the complainant, William, came to Mississippi, bringing with him a negro boy, and proposed to discharge th© *437 debt to defendant by letting him have said slave; but be would not consent to purchase the slave until informed by complainant that there were no unsatisfied judgments existing against him, except one for about $30. Defendant then purchased the slave, and gave complainant the letter exhibited in the bill..
Soon after the purchase of said slave, defendant learned that there were large judgments against the complainant, William, in Mississippi, unsatisfied, and that efforts were made to levy upon said slave. Defendant informed the complainant that he had to keep the slave concealed from the sheriff, and that he desired to cancel the contract of. purchase; the complainant assented to do so, and it was agreed that the letter addressed to Patterson, directing the surrender of the notes, should be Jeft by the complainant, in the hands of one William Cate, of Holly Springs, into whose possession the defendant delivered said slave, in pursuance of the agreement with complainant.
The .defendant states, that the complainant afterwards fraudulently obtained the possession of the paper or letter, before mentioned, from said William Cate, without the know ledge or consent of the defendant, or of said Cate. It is unnecessary to notice the evidence further than to remark, that it fails to support the allegations of the bill, and does not materially vary from the facts as stated in the answers ^ defendants. It is very clear that no decree 'can h& favor of the complainants on the ground of equity < the bill. But it is argued, that the answer of the del Woodruff, sets forth and admits facts which make oul| of itself, sufficient to ground á decree upon; and that 1 ciple announced by this court in the case of Rose vs. Mynat 7 Yer, entitles the complainants to the relief they seek. In that case; it is held, “that when a case is made out in the answer, differing in the grounds and principles of equitable re *438 lief from that set forth in the bill, still, if the answer shows a proper case for relief, the court will decree it.”
We assent to the correctness of the principle; but does the case before us fall within it? We think not. Does the case made in the answer of the defendant, Woodruff, entitle the complainants, or either of them, to any relief whatever?
It is in substance, this — the defendant was induced to purchase the slave in satisfaction of the debt due to him, from the complainant, William Neal, upon the faith of his representa-tation that the title was not liable to be embarrassed or defeated: but finding this representation to be false, the contract, at his instance, was rescinded, the slave redelivered, and the parties placed in the condition in which they stood before. But it is insisted, that so much of the answer as admits the isolated fact, that the defendant purchased and received the slave into possession in satisfaction of his debt, should be taken to charge him, rejecting that part which goes to discharge him, because it is not supported by proof. We do not concur with complainant’s counsel in this view of the case. The statement of facts in the answer upon which it is sought to ground a Recree, is not responsive to the bill; no charge is made, nor interrogatory propounded on the subject; and therefore it is not in issue. If the complainants desired to avail themselves of this matter of charge admitted in the answer, and to disprove the matter of discharge, the bill should have been amended so as to have put the matter in issue. If a decree is sought against the defendants upon grounds of equitable relief, disclosed in his answer, the entire answer must be taken together, the matter of discharge, as well as the matter of charge, and must make a proper case for relief, or no decree can be made. The answer of the defendant, Woodruff, does not in our opinion, make any case for relief. We therefore affirm the decree of the chancellor dismissing the bill.